U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TRAVIS VARBLE, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. _____ ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| MIDWEST WATER & CONCRETE, INC. d/b/a "MIDWEST BASEMENT TECH," WILLIAM S. JONES and KAREN JONES, | ) ) ) ) ) |
| Defendants. | ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Travis Varble, individually and on behalf of all others similarly situated, for his Complaint against Defendants alleges as follows:

### INTRODUCTION

1. Defendant Midwest Water & Concrete, Inc. d/b/a "Midwest Basement Tech" ("MW&C") operates a basement waterproofing and concrete repair business servicing large portions of Illinois, Missouri and Kentucky. MW&C employs laborers to perform waterproofing and repair services for its customers (collectively "Laborers"). The Laborers travel between MW&C's facility and the first job site of the day, travel between job sites, and travel between the last job site of the day and MW&C's facility. Although MW&C correctly classifies the Laborers as "employees" while they are at job sites, MW&C misclassifies the same Laborers as "independent contractors" during such travel. By misclassifying the Laborer's during travel time, MW&C evades federal and state overtime pay requirements.

1

2. Plaintiff seeks unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff brings this claim as a putative collective action on behalf of the FLSA collective defined below.

3. Plaintiff seeks to recover unpaid overtime compensation and other remedies under the overtime pay provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Illinois' Employee Classification Act ("ECA"), 820 ILCS § 185/1, *et seq.* Pursuant to Fed. R. Civ. P. 23, Plaintiff brings such claims as a putative class action on behalf of himself and the Class defined below.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's overtime pay provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's overtime pay provisions. 820 ILCS § 105/12(a). Jurisdiction over the IMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

6. The ECA authorizes court actions by private parties to recover damages for misclassification of workers as "independent contractors." 820 ILCS § 185/60(a). Jurisdiction over the ECA claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 and 820 ILCS § 185/60(a).

7. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because MW&C conducts

business in this District, it employed Plaintiff in this District, and substantial unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

8. From about September 2018 to January 2019, Plaintiff Travis Varble was employed by MW&C as a Laborer based at MW&C's facility located at 104 Ransom Street, Brighton, Illinois, 62012, which is located in this District. Plaintiff Varble's consent to bring an FLSA claim against Defendants is attached hereto as "Exhibit 1."

9. MW&C is an Illinois corporation which operates a basement waterproofing and concrete repair business servicing large portions of Illinois, Missouri and Kentucky, including at least much of the Southern District of Illinois.

10. Defendant William S. Jones is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because he is the Secretary of MW&C, he holds supervisory authority over Plaintiff and all other similarly situated employees, he maintains control over employment practices including but not limited to employee compensation, and he is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c); R.S. Mo. § 290.500(4); KRS § 337.010(1)(d).

11. Defendant William S. Jones is individually liable for MW&C's violations of the ECA because he is an officer and / or agent of MW&C and he knowingly permitted MW&C to violate the ECA. 820 ILCS § 185/63.

12. Defendant Karen Jones is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because she is the President of MW&C, she holds supervisory authority over Plaintiff and all other similarly situated employees, she maintains control over

employment practices including but not limited to employee compensation, and she is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c); R.S. Mo. § 290.500(4); KRS § 337.010(1)(d).

13. Defendant Karen Jones is individually liable for MW&C's violations of the ECA because she is an officer and / or agent of MW&C and she knowingly permitted MW&C to violate the ECA.  820 ILCS § 185/63.

## GENERAL ALLEGATIONS

14. Plaintiff, the FLSA Collective and the Class have worked for MW&C as Laborers during times relevant.

15. Plaintiff and MW&C's other Laborers reported to MW&C's facility located at 104 Ransom Street, Brighton, Illinois, 62012 at the beginning of each workday.

16. At that facility, Plaintiff and MW&C's other Laborers received their work assignments and obtained work trucks, equipment and supplies needed to perform their assigned jobs during the workday.

17. From there, Plaintiff and MW&C's other Laborers drove or rode in MW&C's work trucks to their first assigned job site of the workday, which may be as far away as Lake of the Ozarks in central Missouri or western Kentucky.

18. During many workdays, Plaintiff and MW&C's other Laborers drove or rode in MW&C's work trucks from their first assigned job site to other assigned job sites within the workday.

19. At the end of each workday, Plaintiff and MW&C's other Laborers drove or rode in MW&C's work trucks from their last assigned job site of the workday back to MW&C's facility in Brighton, Illinois.

20. There, Plaintiff and MW&C's other Laborers returned work trucks, equipment and supplies to MW&C.

21. MW&C correctly classified Plaintiff and its other Laborers as "employees" while they were at assigned job sites.

22. However, MW&C misclassified Plaintiff and its other Laborers as "independent contractors" during the times they drove or rode between MW&C's facility in Brighton, Illinois to the first job site of the day, drove or rode between job sites, and drove or rode from the last job site of the day back to MW&C's Brighton, Illinois facility ("the Daily Travel").

23. MW&C classified Plaintiff, the FLSA Collective and the Class as "independent contractors" during the Daily Travel time in order to avoid its obligations to pay them overtime wages under federal and state law.

24. Despite classifying Plaintiff and those similarly situated as "independent contractors," Plaintiff and the other Laborers were and are, in fact, MW&C's statutory "employees" under federal and state law during all of their compensable work time.

25. Plaintiff and MW&C's other Laborers worked for MW&C on a full-time and continuing basis.

26. Plaintiff and the other Laborers have been subject to MW&C's control and direction regarding the manner in which they performed their work, including, but not limited to:

   a. MW&C has required its Laborers to report to its Brighton, Illinois facility at the beginning of each workday to receive job assignments and to obtain work trucks, equipment and supplies;

   b. MW&C has assigned each job site to its Laborers;

    c. MW&C has required its Laborers to report to its Brighton, Illinois facility at the end of each workday to return work trucks, equipment and supplies;

    d. MW&C has required its Laborers to drive or ride from its Brighton, Illinois facility to the first job site of the workday;

    e. MW&C has required its Laborers to drive or ride between assigned job sites during the course of some workdays;

    f. MW&C has required its Laborers to drive or ride from the last job site of the workday back to its Brighton, Illinois facility;

    g. MW&C has required its Laborers to follow its instructions, processes, and policies regarding the methods by which their work was to be completed;

    h. MW&C has supervised its Laborers' work; and

    i. MW&C has determined its Laborers' work schedules.

27. The Laborers did not earn any profit or loss during the Daily Travel.

28. The amount of any capital investment by the Laborers incurred for the Daily Travel, if any at all, is substantially outweighed by MW&C's investment in conducting its own business.

29. No special or particular skill, beyond possibly the common ability of adults to drive a vehicle, was needed for the Daily Travel.

30. MW&C typically retained its Laborers' services for extended periods of time, such as several months or periods of years.

31. The Daily Travel is an integral and necessary part of MW&C's business, and MW&C could not conduct its business without such travel.

32. Transporting MW&C's equipment and supplies as part of the Daily Travel is an integral

and necessary part of MW&C's business, and MW&C could not conduct its business without such transportation of equipment and supplies.

33. The Laborers are relatively low paid, and they economically depend on MW&C.

34. MW&C suffered and permitted Plaintiff and its other Laborers to work in excess of 40 hours in at least some workweeks.

35. MW&C failed to pay Plaintiff and its other Laborers overtime wages because MW&C misclassified those workers as "independent contractors" for work performed in excess of 40 hours per workweek

36. Reflective of MW&C's misclassification of Laborers as "independent contractors," some of MW&C's pay stubs provided to Plaintiff show:

| Check Date | Employee Hours Paid | Hourly Pay Rate | Employee Pay | "Drive Time" / Independent Contractor Pay | Total Pay |
|---|---|---|---|---|---|
| 9/28/18 | 40.0 | $10.50 | $420.00 | $78.75 | $498.75 |
| 10/12/18 | 32.0 | $10.50 | $336.00 | $105.00 | $441.00 |
| 10/19/18 | 40.0 | $10.50 | $420.00 | $173.25 | $593.25 |
| 10/26/18 | 40.0 | $11.50 | $460.00 | $120.75 | $580.75 |
| 11/2/18 | 37.0 | $11.50 | $425.50 | $178.25 | $603.75 |
| 11/16/18 | 39.5 | $11.50 | $454.25 | $92.00 | $546.25 |
| 11/23/18 | 33.5 | $11.50 | $385.25 | $86.25 | $471.50 |
| 12/28/18 | 40.0 | $11.50 | $460.00 | $34.50 | $494.50 |
| | | | | **Total Pay** | **$4,229.75** |

37. The "Drive Time" reflected on MW&C's pay stubs provided to Plaintiff were paid at the same hourly rate as Plaintiff's "regular" employee pay.

38. Had MW&C paid Plaintiff as an "employee" for all of his work hours, including overtime wages, MW&C would have Paid him a total of $4,564.65 for the same workweeks:

7

| Check Date | Employee Hours Paid | "Drive Time" | Total Work Hours | Regular Pay | Overtime Pay | Total Pay |
|---|---|---|---|---|---|---|
| 9/28/18 | 40.0 | 7.5 | 47.5 | $420.00 | $118.13 | $538.13 |
| 10/12/18 | 32.0 | 10.0 | 42.0 | $420.00 | $31.50 | $451.50 |
| 10/19/18 | 40.0 | 16.5 | 56.5 | $420.00 | $259.88 | $679.88 |
| 10/26/18 | 40.0 | 10.5 | 50.5 | $460.00 | $181.13 | $641.13 |
| 11/2/18 | 37.0 | 15.5 | 52.5 | $460.00 | $215.63 | $675.63 |
| 11/16/18 | 39.5 | 8.0 | 47.5 | $460.00 | $129.38 | $589.38 |
| 11/23/18 | 33.5 | 7.5 | 41.0 | $460.00 | $17.25 | $477.25 |
| 12/28/18 | 40.0 | 3.0 | 43.0 | $460.00 | $51.75 | $511.75 |
|  |  |  |  |  | **Total Pay** | **$4,564.65** |

39. MW&C acted knowingly, willfully, or in reckless disregard of the law by adopting and maintaining an illegal policy and practice of misclassifying its Laborers as "independent contractors" during their Daily Travel, and by failing to pay them required overtime wages.

40. Plaintiff complained to MW&C about its improper classification of Laborers as "independent contractors" and about its failure to pay overtime wages; however, MW&C thereafter continued to misclassify Plaintiff and its other Laborers as "independent contractors" and MW&C continued its refusal to pay them overtime wages.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

**A. FLSA Claim**

41. Plaintiff brings the FLSA claim asserted herein (Count I) as an "opt-in" collective action on behalf of all similarly situated Laborers who file a consent to join under 29 U.S.C. § 216(b).

42. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging MW&C's practices of failing to pay the Laborers overtime compensation.

43. Plaintiff and all of the other Laborers are similarly situated in that:

   (a)   They have worked for MW&C as Laborers performing MW&C's primary business,

specifically basement waterproofing and concrete repair;

(b)  They have all been classified as "employees" while at MW&C's job sites;

(c)  They have all been classified as "independent contractors" during their Daily Travel;

(d)  MW&C has controlled the Laborers' job duties, including their Daily Travel;

(e)  The Laborers have not earned any profit or loss from their Daily Travel;

(f)  The Laborers have not incurred any capital investment for Daily Travel;

(g)  They have not been required to utilize any particular skill in their Daily Travel;

(h)  The Laborers have performed tasks integral and necessary to MW&C's business;

(i)  The Laborers are economically dependent on MW&C;

(j)  The Laborers have worked more than 40 hours per week during at least some workweeks; and

(j)  MW&C has failed and refused to pay the Laborers earned overtime wages.

**2.  IMWL and ECA Claims**

44. Plaintiff brings the IMWL and ECA claims asserted herein (Counts II & III) as a class action under Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons:

> All current and former Laborers classified by MW&C as "independent contractors" during travel time, since the date 3 years preceding the filing of this Complaint ("the Class").

45. The IMWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

46. The Class members can be easily identified through MW&C's business records.

47. The Class satisfies the numerosity standard of Rule 23(a)(1) because it is comprised of at least 40 persons who are geographically dispersed and, as a result, joinder of all Class members in a single action is impracticable.

48. Questions of law and fact common to the Class within the meaning of Rule 23(a)(2) include, but are not necessarily limited to:

    (a)    Whether MW&C misclassified the Class members as "independent contractors;"

    (b)    Whether MW&C controlled the Laborers' work;

    (c)    Whether MW&C controlled the Laborers' Daily Travel;

    (c)    Whether the Laborers earned any profit or loss from Daily Travel;

    (d)    Whether the Laborers capital investment incurred for Daily Travel, if any, is outweighed by MW&C's investment in its own business;

    (e)    Whether any special or particular skill was needed for Daily Travel;

    (f)    Whether MW&C typically retained its Laborers for considerable or extended periods of time;

    (g)    Whether the Laborers' Daily Travel is an integral and / or necessary part of MW&C's business;

    (h)    Whether the Laborers' transport of MW&C's equipment as part of their Daily Travel is an integral and / or necessary part of MW&C's business; and

    (i)    Whether the Laborers are economically dependent on MW&C.

49. Plaintiff's claims are typical of those of the Class within the meaning of Rule 23(a)(3) in that:

    (a)    Plaintiff and the Class have worked for MW&C as Laborers;

(b)  Plaintiff and the Class have performed the same primary job duties for MW&C;

(c)  Plaintiff and the Class have been classified as "employees" while they are at MW&C's job sites;

(d)  Plaintiff and the Class have been classified as "independent contractors" during their Daily Travel;

(e)  Plaintiff and the Class have been treated as employees, as set forth in detail above;

(f)  MW&C has controlled the Laborers' job duties, including their Daily Travel;

(g)  The Laborers have not earned any profit or loss from their Daily Travel;

(h)  The Laborers have not incurred any capital investment for their Daily Travel;

(i)  No special or particular skill is needed for Daily Travel;

(j)  The Laborers have performed tasks integral and necessary to MW&C's business;

(k)  The Laborers are economically dependent on MW&C;

(l)  The Laborers have worked more than 40 hours per week during at least some workweeks; and

(m)  MW&C has failed and refused to pay the Laborers earned overtime wages.

50. Plaintiff is an adequate representative of the Class within the meaning of Rule 23(a)(4) because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

51. A class action is appropriate under Rule 23(b)(3) because (a) the common questions of law or fact listed above predominate over any questions affecting only individual members and (b) a

class action is superior to other available methods for the fair and efficient adjudication of this controversy because the interest of members of the Class in individually controlling the prosecution of separate actions is minimal, there exists no other separate litigation concerning the same controversy, it is desirable to concentrate the litigation in this forum, and no substantial difficulties will be encountered in managing a class action.

## CLAIMS

### COUNT I: Violation of the FLSA

52. Plaintiff reasserts and re-alleges the allegations set forth above.

53. At all times material herein, Plaintiff and other Laborers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

54. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

55. MW&C is subject to the overtime pay requirements of the FLSA because it constitutes an enterprise engaged in interstate commerce and its Laborers are engaged in interstate commerce.

56. During all times relevant to this action, MW&C has been the Laborers' "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

57. During all times relevant to this action, the Laborers have been MW&C's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

58. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Despite MW&C's misclassification of the Laborers,

none of the FLSA's exemptions apply to Plaintiff or other the other Laborers. *Id.*

59. Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

60. MW&C violated the FLSA by failing to pay the Laborers' overtime wages as required by the FLSA. 29 U.S.C. § 207(a).

61. Plaintiff and all of the other Laborers are victims of a uniform compensation policy.

62. Plaintiff and the other Laborers are entitled to damages equal to the mandated overtime premium pay within the 3 years preceding the filing of the Complaint, plus periods of equitable tolling, because MW&C acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA, and dissuaded employees from asserting their legal rights by misinforming employees that they are "independent contractors."

63. MW&C has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, the Laborers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendants are not subject to an award of liquidated damages, the Laborers are entitled to an award of prejudgment interest at the applicable legal rate.

65. As a result of the aforesaid violations, Defendants are liable under 29 U.S.C. § 216(b) for Plaintiff's reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated Laborers demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the IMWL

66. Plaintiff reasserts and re-alleges the allegations set forth above.

67. At all relevant times herein, the Class has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

68. The IMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3 & 105/4a.

69. During all times relevant to this action, MW&C has been the "employer" of the Class members within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

70. During all times relevant to this action, the Class members were MW&C's "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

71. The IMWL exempts certain categories of employees from Illinois' overtime wage and other obligations, none of which apply to the Laborers. 820 ILCS § 105/3.

72. Pursuant to the IMWL, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a.

73. MW&C suffered and permitted Plaintiff and the Class to work more than 40 hours in a workweek without proper overtime compensation as required by the IMWL. *Id.*

14

74. MW&C's failure to comply with the IMWL's overtime protections caused Plaintiff and the Class to suffer loss of wages and interest thereon.

75. Plaintiff and the Class are entitled to unpaid overtime, penalty interest equal to 2% of MW&C underpayments for each month following the date of payment during which underpayment remains unpaid, pre-judgment and post-judgment interest, and attorney's fees and costs under the IMWL. 820 ILCS §§ 105/4a(1) & 105/12(a).

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against Defendants and pray for (1) compensatory damages; (2) penalty interest per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Violation of the ECA

76. Plaintiff reasserts and re-alleges the allegations set forth above.

77. At all relevant times herein, the Class has been entitled to the rights, protections, and benefits provided under the ECA, 820 ILCS § 185/1 *et seq*.

78. The ECA regulates, among other things, the proper classification of workers as "employees." 820 ILCS §§ 185/10 & 185/20.

79. During all times relevant to this action, MW&C has been the "employer" of the Class members within the meaning of the ECA. 820 ILCS §§ 185/5.

80. During all times relevant to this action, MW&C has been a "contractor" within the scope and meaning of the ECA. 820 ILCS § 185/5.

81. During all times relevant to this action, MW&C has been engaged in "construction" within the scope and meaning of the ECA. 820 ILCS § 185/5.

15

82. During all times relevant to this action, Plaintiff and the class have "performed services" for MW&C within the scope and meaning of the ECA. 820 ILCS § 185/5.

83. Pursuant to 820 ILCS § 185/10, Plaintiff and the Class are "deemed" to be MW&C's "employees" because:

- (a) Plaintiff and the Class have been under MW&C's control and direction with regard to the performance of their services;
- (b) Plaintiff and the Class have performed services that are part of the usual course of services performed by MW&C;
- (c) Plaintiff and the Class have not been engaged in an independently established trade, occupation, profession or business; and
- (d) Plaintiff and the Class have not been sole proprietors or partnerships within the meaning of the ECA.

*Id.*; Ill. Admin. Code § 240.320(a).

84. MW&C has violated the ECA by failing and refusing to designate Plaintiff and the Class as "employees." 820 ILCS § 185/20.

85. MW&C thus suffered and permitted Plaintiff and the Class to work more than 40 hours in a workweek without proper overtime compensation. *Id.*

86. MW&C's failure to comply with the ECA caused Plaintiff and the Class to suffer loss of overtime wages and interest thereon.

87. Plaintiff and the Class are entitled to unpaid overtime wages and any employee benefits denied, an equal amount thereto in liquidated damages, up to $500.00 for each violation of the ECA or associated regulations, attorney's fees and costs.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendants and pray for (1) compensatory damages; (2) liquidated damages, (3) $500.00 per violation of the ECA or associated regulations, (4) attorneys' fees and costs as allowed by 820 ILCS § 185/60(a); (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**
*/s/ Mark Potashnick*
Mark Potashnick, IL Bar # 6271083
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
Email: markp@wp-attorneys.com

Jack R. Daugherty (#6229106)
Short and Daugherty P.C.
325 Market St.
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
Email: jack@siltrial.com

**ATTORNEYS FOR PLAINTIFF**